Filed
8/31/2017 9:49 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVI002047D3

CAUSE NO. _____

| | | |
|---|---|---|
| **TERRUM INVESTMENTS, LTD.** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **MARKEL AMERICAN INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Terrum Investments, Ltd. ("Plaintiff"), complains of Markel American Insurance Company and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.    Plaintiff(s) resides in Webb County, Texas.

3.    Defendant Markel American Insurance Company is an insurance company engaging in the business of insurance in Texas, and is a citizen of Texas.  This defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan St. Suite 900, Dallas TX 75201-3136.

**EXHIBIT B**

### III.
### JURISDICTION

4.      Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5.      The court has jurisdiction over Defendant it engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of Defendant's business activities in Texas.

### IV.
### VENUE

6.      Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

7.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8.      All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; and/or Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

### VI.
### FACTS

9.      Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 705 enterprise, Laredo, TX, 78045; 8709 Killam Industrial Blvd. Tx, 78045 (the "Property").  The Property was insured by insurance policy number MKLM5IM00501313, issued

by Defendant (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

10.     On or about 5/21/2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After the loss, Plaintiff made a claim (claim no. mxpp44604) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim").  After Plaintiff made the Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim.  Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

11.     Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that Defendant not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued and relied upon by Defendant.  The damage estimate failed to include all damages to Plaintiff's Property.  The damages Defendant included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  Further, Defendant knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

12.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant's conduct constitutes a breach of the contract between Defendant and Plaintiff.

13.     Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

17.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

19.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

20.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendan's conduct constitutes a violation of TEX.INS.CODE §541.058.

21.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23.     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

24.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

25.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

26.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

28.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

30.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

32.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

   **C.     Prompt Payment Of Claims Violations.**

33.     The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant proper notice.   Defendant is liable for the Claim.   Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D.      Breach Of The Duty Of Good Faith And Fair Dealing.

35.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.   Defendant's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### KNOWLEDGE

36.     Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### IX.
### DAMAGES

37.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

39.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

40.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

41.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

42.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

43.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

44.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

45.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:     /s/   William. T. Jones, Jr.
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone

A true copy of the original I certify
the ___ day of ____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

(713) 621-5900- Fax

Filed
8/31/2017 9:49 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVI002047D3

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition

FILE DATE OF MOTION: 8/31/2017

Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Markel American Insurance Company

   ADDRESS: 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136

   AGENT, (if applicable): CT Corporation System

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):

☐ ATTORNEY PICK-UP          ☐ CONSTABLE
☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Proactive Legal     Phone: _____
☐ MAIL                      ☐ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:     ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

*********************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):

☐ ATTORNEY PICK-UP          ☐ CONSTABLE
☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Proactive Legal     Phone: _____
☐ MAIL                      ☐ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:     ☐ COURTHOUSE DOOR, or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: William T. Jones, Jr.          TEXAS BAR NO./ID NO. 24032601

MAILING ADDRESS: 1201 Shepherd Drive, Houston, Texas 77007

PHONE NUMBER: 713   227-4747          FAX NUMBER: 713   621-5900
              area code  phone number                 area code  fax number

EMAIL ADDRESS: bjones@GBTriallaw.com

CIVIC108 Revised 9/2/09

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

A true copy of the original I certify
the _____ day of _Oct_ '20 _17_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

DISTRICT COURT OF WEBB COUNTY, TEXAS

# CIVIL CASE INFORMATION SHEET

Filed
8/31/2017 9:49 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVI002047D3

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED TERRUM INVESTMENTS, LTD. V. MARKEL AMERICAN INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>William T. Jones, Jr.<br><br>Address:<br>1201 Shepherd Dr.<br><br>City/State/Zip:<br>Houston, TX 77007<br><br>Signature:<br>*[signature]*<br> | Email:<br>bjones@GBTriallaw.com<br><br>Telephone:<br>713-227-4747<br><br>Fax:<br>713-621-5900<br><br>State Bar No:<br>24032601 | Plaintiff(s)/Petitioner(s):<br><br>Terrum Investments, Ltd.<br><br>—<br>—<br><br>Defendant(s)/Respondent(s):<br><br>Markel American<br>Insurance Company<br><br>—<br>—<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent:<br>_____<br>Presumed Father:<br>_____ |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br> Liability: _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br> List Product: _____<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br> Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: _____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br> Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br> Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br> of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br> Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br> Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br> Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:



## HONORABLE BECKIE PALOMO

### State District Court Judge

341ˢᵗ JUDICIAL DISTRICT OF TEXAS

WEBB COUNTY JUSTICE CENTER

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   <u>2017CVI002047D3</u>

STYLE:   <u>TERRUM INVESTMENTS LTD</u>

<u>VS</u>

<u>MARKEL AMERICAN INSURANCE COMPANY</u>

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on   <u>11/06/2017</u>   ,
at <u>1:30 PM</u> at the 341st District Courtroom, 3ʳᵈ Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

<u>Counsel for Plaintiff(s)</u>: if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

<u>Counsel for Defendant(s)</u>: if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

A true copy of the original I certify
this _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By _____ Deputy

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC: MG

## ✱✱ Transmit Confirmation Report ✱✱

P.1
WEBB CO DISTRICT CLERK Fax:956-523-5121                    Sep  6 2017 11:33am

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917136215900 | Fine | 06,11:33am | 0'29" | 1 | # O K | |



### HONORABLE BECKIE PALOMO

#### State District Court Judge

341st JUDICIAL DISTRICT OF TEXAS

WEBB COUNTY JUSTICE CENTER

#### CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2017CVI0002047D3

STYLE:   TERRUM INVESTMENTS LTD

VS

MARKEL AMERICAN INSURANCE COMPANY

**NOTICE** that this case IS SET FOR CALENDAR CALL on   11/06/2017   ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is MANDATORY unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC: KC

SERVE
2017CVI002047D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  MARKEL AMERICAN INSURANCE COMPANY BY SERVING ITS REGISTERED
     AGENT C T CORPORATION SYSTEM
     1999 BRYAN ST
     STE 900
     DALLAS TX  75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVI002047D3, styled:

TERRUM INVESTMENTS LTD, PLAINTIFF
VS.
MARKEL AMERICAN INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 08/31/2017 in said court by:

     WILLIAM T JONES, Jr., ATTORNEY FOR PLAINTIFF
     1201 SHEPERD DR
     HOUSTON TX  77007

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 6th day of September, 2017.

C L E R K   O F   C O U R T



CALENDAR CALL SET FOR 11/06/17 AT
1:30 PM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042
BY: _____
        Garcia

A true copy of the original I certify
the _____ day of _____ 20
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By _____ Deputy

**OFFICER'S RETURN**                                    2017CVI002047D3

Came to hand on the _____ day of _____, 2017 at
_____ O'CLOCK _____.M.        Executed            at
at _____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2017, by delivering to the within named
**MARKEL AMERICAN INSURANCE COMPANY**, each, in person, a true copy
of this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to
such copy of citation and endorsed on such copy of citation the
date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

                               _____
                               SHERIFF, CONSTABLE

                               _____ COUNTY, TEXAS

                        BY _____
                                                    DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

                               _____
                                                    NOTARY PUBLIC
                               MY COMMISSION EXPIRES

                               _____

RETURN
2017CVI002047D3

CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   MARKEL AMERICAN INSURANCE COMPANY BY SERVING ITS REGISTERED
      AGENT C T CORPORATION SYSTEM
      1999 BRYAN ST
      STE 900
      DALLAS TX  75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVI002047D3, styled:

TERRUM INVESTMENTS LTD, PLAINTIFF
VS.
MARKEL AMERICAN INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 08/31/2017 in said court by:

      WILLIAM T JONES, Jr., ATTORNEY FOR PLAINTIFF
      1201 SHEPERD DR
      HOUSTON TX  77007

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 6th day of September, 2017.

C L E R K   O F   C O U R T

| CALENDAR CALL SET FOR 11/06/17 AT 1:30 PM |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
        Moses Garcia



**OFFICER'S RETURN**

2017CVI002047D3

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **MARKEL AMERICAN INSURANCE COMPANY,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____

NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

Filed
10/4/2017 8:22 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2017CVI002047D3

RETURN

2017CVI002047D3

46963-1

CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.   IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   MARKEL AMERICAN INSURANCE COMPANY BY SERVING ITS REGISTERED
      AGENT C T CORPORATION SYSTEM
      1999 BRYAN ST
      STE 900
      DALLAS TX  75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVI002047D3, styled:

TERRUM INVESTMENTS LTD, PLAINTIFF

VS.

MARKEL AMERICAN INSURANCE COMPANY, DEFENDANT

Said Plaintiff's Petition was filed on 08/31/2017 in said court by:

      WILLIAM T JONES, Jr., ATTORNEY FOR PLAINTIFF
      1201 SHEPERD DR
      HOUSTON TX  77007

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 6th day of September, 2017.

C  L  E  R  K     O  F     C  O  U  R  T

CALENDAR CALL SET FOR 11/06/17 AT 1:30 PM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

A True copy of the original I certify
the _____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts-at-Law Webb County, Texas
By: _____ Deputy

Moises Garcia

DEPUTY

2017CVI002047D3

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2017 at
_____   O'CLOCK _____.M.   Executed   at
_____, within the COUNTY of _____
at _____   O'CLOCK _____.M.   on   the _____ day   of
_____, 2017, by delivering to the within named
MARKEL AMERICAN INSURANCE COMPANY, each, in person, a true copy
of this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to
such copy of citation and endorsed on such copy of citation the
date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

**SERVICE AFFIDAVIT**
No. 2017CVI002047D3

| | | |
|---|---|---|
| **TERRUM INVESTMENTS, LTD** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **VS.** | : | **WEBB COUNTY, TEXAS** |
| | : | |
| **MARKEL AMERICAN INSURANCE** | : | **341ST JUDICIAL DISTRICT** |
| **COMPANY** | : | |
| | : | |

On this the 4th Day of October, 2017, Joseph Morse appeared before me, the undersigned Notary Public and after being duly sworn, deposed and stated as follows:

1. My name is Joseph Morse. I am over eighteen (18) years of age and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am a Certified Civil Process Server authorized under written order of the Supreme Court of Texas service civil process in the State of Texas, including Harris County.

3. I was employed to serve the defendant a copy of Citation & Plaintiff's Original Petition, Notice for Calendar Call.

4. I am not a party to this case and I have no interest in the outcome of this case.

5. I have never been convicted of a felony or misdemeanor in any City, State or Federal Jurisdiction.

Came to Hand at 10:00 AM on 09/19/2017. Served at 1999 Bryan Street, Suite 900, Dallas, TX 75201 in Dallas County on 9/25/2017 at 9:20 AM. Certified Mail a copy of the Citation & Plaintiff's Original Petition, Notice for Calendar Call to defendant Markel American Insurance Company by serving its Registered Agent CT Corp.

Joseph Morse
State Certified Civil Process Server
SCH000003036
Exp: September 30, 2019

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said county and state, on this the 4th of October, 2017 personally appeared Joseph Morse, known to me, after being identified through the driver's license, to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the statements contained in the foregoing affidavit are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 4th of October, 2017.

JAIME HOLDER
Notary Public, State of Texas
Comm. Expires 06-06-2021
Notary ID 124001533

Notary Public in and for the State of Texas

46963.001

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARKEL AMERICAN INS. CO.

R/A: CT Corporation
1999 Bryan Street, Suite 900
Dallas, TX 75201

9590 9402 3162 7166 3324 24

2. Article Number (Transfer from service label)

7017 1450 0001 3583 4003

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)        SEP 2 5 2017

Chris Wells

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

4 6 963-1

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

Filed
10/16/2017 3:57 PM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2017CVI002047D3

CAUSE NO. 2017CV100204703

| | | |
|---|---|---|
| TERRUM INVESTMENT LTD. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | WEBB COUNTY, TEXAS |
| MARKEL AMERICAN INSURANCE | § | |
| COMPANY | § | |
| | § | |
| *Defendants* | § | 341ST JUDICIAL DISTRICT |
| | § | |

### DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S
### ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Markel American Insurance Company ("Markel"), files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

### I.    GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.    PRAYER

Defendant requests that Plaintiff take nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:    /s/    Cyrus Haralson
Cyrus W. Haralson
Texas Bar No. 24065371
Email: charalson@thompsoncoe.com
Saira S. Siddiqui
Texas State Bar No. 24093147
Email: ssiddiqui@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**COUNSEL FOR DEFENDANT
EVANSTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 16th day of October, 2017, a true and correct copy of the foregoing document was duly served on all known counsel of record via electronic transmission, pursuant to Texas Rules of Civil Procedure and applicable Local Rules, as follows:

William T. Jones, Jr.
Green & Barton
1201 Shepherd Drive
Houston, Texas 7707
Via Email: bjones@greentriallaw.com

/s/    Saira Siddiqui
Saira Siddiqui

A True copy of the original I certify
the 19th day of Oct '20 17
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County Texas
By                          Deputy